**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWORALEAN STONE, STARR MONNEY STONE,<br><br>                      Plaintiffs,<br><br>   v.<br><br>R.E.F.S. INC., R.E.F.S. OF TEXAS INC., JOYFUL HOUSE LLC, CARLTON SUE, FRANCISCO HO, FIDELITY NATIONAL AGENCY SALES & POSTING, ALAMEDA COUNTY SHERIFF DEPARTMENT, COMMUNITY COMMERCE BANK, FIDELITY NATIONAL TITLE COMPANY, ROSIE M. PARKS, THOMAS EASTRIDGE, JED SOMIT, JESSIE SMITH, CLARA MAE SIMPSON, CITY OF OAKLAND,<br><br>                      Defendants.<br>_____/ | No. C-05-03321 MMC<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING ACTION** |

   Before the Court is the complaint filed August 15, 2005 by plaintiffs NewOralean Stone ("NewOralean") and Starr Monney Stone ("Starr") (jointly, "plaintiffs") against defendants R.E.F.S. Inc., R.E.F.S. of Texas Inc., Joyful House LLC, Carlton Sue, Francisco Ho, Fidelity National Agency Sales & Posting, Alameda County Sheriff Department, Community Commerce Bank, Fidelity National Title Company, Rosie M. Parks, Thomas Eastridge, Jed Somit, Jessie Smith, Clara Mae Simpson, and City of

1  Oakland ("defendants"), by which plaintiffs seek to set aside a foreclosure sale and also seek
2  an award of unspecified damages.  Also before the Court is plaintiffs' motion to proceed in
3  forma pauperis, filed concurrently therewith.  Having read and considered the papers filed by
4  plaintiffs, the Court will DENY the application to proceed in forma pauperis, and DISMISS the
5  action, pursuant to 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

7  Plaintiffs allege that NewOralean is a resident of San Francisco, California, and that
8  Starr is NewOralean's daughter and a resident of Alameda County, California.  (See Compl.
9  ¶¶ 4 and 6.)  NewOralean and Starr, plaintiffs allege, are co-owners of real property located at
10  8717-8719 International Boulevard, in Oakland, California ("the property").  (See id. ¶¶ 5 and
11  6.)  According to plaintiffs, defendants wrongfully sold the property on July 7, 2004 at a
12  foreclosure sale.  (See id. ¶ 35.)

13  Plaintiffs allege that NewOralean filed a voluntary petition for Chapter 13 bankruptcy
14  protection on March 18, 2004, (see id. ¶ 27), and that on June 26, 2004, the bankruptcy court
15  dismissed the petition, with "a bar to refiling."  (See id. ¶ 29.)  According to plaintiffs,
16  NewOralean filed a timely appeal six days later, on July 2, 2004, and requested that the
17  appeal be heard by the district court.[1]  (See id. ¶ 30.)

18  Plaintiffs contend that the July 7, 2004 foreclosure sale was in violation of the automatic
19  stay triggered by NewOralean's bankruptcy petition, and that the sale violated state law in
20  numerous ways.  (See id. ¶¶ 35-40.)  Plaintiffs further allege that the sale occurred in an area
21  inaccessible to persons in wheelchairs, in violation of federal law.  (See id. ¶ 39.)

22  Finally, plaintiffs allege that, in June 2002, defendant Community Commerce Bank
23  engaged in unspecified acts of "predatory lending" and that said defendant included duplicate
24  charges in a "settlement statement."  (See id. ¶ 62.)

25  Plaintiffs seek both equitable relief and damages.  In particular, with respect to the

---

[1] The Court notes that NewOralean's appeal ultimately was dismissed for failure to complete the record on appeal.  See In re Stone, Case No. C-04-03579 CW, Docket Nos. 6-8.

2

1  former, plaintiffs seek an order setting aside the foreclosure sale and an order quieting title.
2  (See id. at 15.)

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor." See 28 U.S.C. § 1915(a)(1).  Where such an affidavit is filed, however, § 1915 requires the court to dismiss the case "at any time" if the court determines that "the allegation o

f poverty is untrue," the action "fails to state a claim upon which relief may be granted," the action is "frivolous or malicious," or the action "seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2).

## DISCUSSION

**A.     Jurisdiction**

    **1.     Diversity Jurisdiction**

Although plaintiffs allege that the Court has diversity jurisdiction over the instant action, (see Compl. ¶ 1), the allegations demonstrate that plaintiffs lack the requisite diversity of citizenship with defendants.  The district courts have original jurisdiction for civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.  See 28 U.S.C. § 1332(a).  Congress has established the basic rule that diversity of citizenship exists under 28 U.S.C. § 1332 only when each plaintiff is a citizen of a different state from each defendant.  See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).  In the instant case, plaintiffs allege that both plaintiffs and all but one defendant are citizens of California.  (See Compl. ¶¶ 4, 6-23.)

Accordingly, there is no basis for diversity jurisdiction.

**2.   Federal Question Jurisdiction**

   **a.   Title 11**

Plaintiffs' allegation that defendants violated the bankruptcy stay raises a federal claim under Title 11 of the United States Code.  The district courts have original jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. See 28 U.S.C. § 1334(b).  "Congress used the phrase 'arising under Title 11' to describe those proceedings that involve a cause of action created or determined by a statutory provision of Title 11."  Maitland v. Mitchell (In re Harris Pine Mills), 44 F.3d 1431, 1435 (9th Cir. 1995).  Title 11 provides generally for an automatic stay of all proceedings against the debtor upon the debtor's filing a bankruptcy petition, see 11 U.S.C. § 362(a); a person who willfully violates the automatic stay is liable for damages, see 11 U.S.C. § 362(h).  Here, plaintiffs allege that defendants sold the property while a bankruptcy stay was in effect.  (See Compl. ¶ 35.)  The claim thus arises under Title 11 and, consequently, this Court has jurisdiction over the instant action pursuant to Title 11.

   **b.   Americans with Disabilities Act**

Plaintiffs' allegation that the foreclosure sale occurred in an area inaccessible to persons in wheelchairs, (see Compl. ¶ 39), raises a federal claim under the Americans with Disabilities Act ("ADA").  The ADA grants a private right of action for injunctive relief to "any person who is being subjected to discrimination on the basis of [a] disability."  See 42 U.S.C. § 12188(a)(1).  Accordingly, the Court has jurisdiction under the ADA as well.

**B.   The Merits**

As noted, where a plaintiff seeks to proceed in forma pauperis, the Court must examine the allegations to determine whether the action states a claim.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

   **1.   Foreclosure in Violation of Bankruptcy Stay**

Plaintiffs' allegation that the July 7, 2004 foreclosure sale violated the bankruptcy stay does not state a claim.  The Bankruptcy Code provides for an automatic stay of proceedings against the property of the bankruptcy estate or against the debtor until the property "is no

longer property of the estate" or until the bankruptcy case is closed or dismissed. See 11 U.S.C. § 362(c). The effect of the dismissal of a bankruptcy petition is to revest the property of the estate in the entity in which the property was vested immediately before the commencement of the bankruptcy case. See 11 U.S.C. § 349(b)(3). Here, plaintiffs allege that NewOralean's Chapter 13 petition was dismissed on June 26, 2004. (See Compl. ¶ 29.) As a result, the automatic stay terminated on that date. See 11 U.S.C. § 362(c).

Although the Federal Rules of Bankruptcy Procedure allow a debtor to request a stay pending appeal, see Fed. R. Bankr. P. 8005, there is nothing in the record to indicate that plaintiffs obtained such a stay. Rather, the docket for NewOralean's bankruptcy case and subsequent appeal show that a stay pending appeal was not granted. See In re Stone, Bankruptcy Case No. 04-41493, Docket Nos. 29-36; see also In re Stone, District Court Case No. 04-3579 CW, Docket No. 6. Consequently, the July 7, 2004 foreclosure sale did not violate the automatic stay. See Weston v. Rodriguez (In re Joanne M. Weston), 110 B.R. 452, 456 (E.D. Cal. 1989) (holding where debtor failed to obtain stay pending appeal, foreclosure occurring after dismissal of bankruptcy petition did not violate automatic stay).

Accordingly, plaintiffs fail to state a claim that the foreclosure sale violated the automatic stay, and said claim will be dismissed for failure to state a claim.

**2.  Americans with Disabilities Act**

Plaintiffs allege that the foreclosure sale occurred in an area inaccessible to persons in wheelchairs, in violation of federal law. (See Compl. ¶ 39.) Plaintiffs do not allege that either plaintiff uses a wheelchair nor do they allege either plaintiff suffers from any other disability of a similar nature.

The ADA provides a remedy for any person subjected to discrimination on the basis of a disability. See 42 U.S.C. § 12188. To have standing to sue in federal court, a plaintiff must allege an injury in fact, a causal connection between that injury and the defendant's conduct, and a likelihood that the injury will be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). An individual with a disability has

standing to seek relief for any ADA violation "affecting his specific disability." See Steger v. Franco, Inc., 228 F.3d 889, 894 (8th Cir. 2000). Conversely, an individual does not have standing to pursue claims that do not affect his disability. See id. at 893; see also Moeller v. Taco Bell Corp., 2005 WL 1910925, *4 (N.D. Cal. 2005) (holding class lacked standing where only 38 percent of class members had disability that would result in injury when they encountered certain ADA violations).

Here, as noted, plaintiffs allege that the foreclosure sale violated the ADA because there was no wheelchair access to the area in which the sale was conducted. (See Compl. ¶ 39.) Because plaintiffs do not claim to have a disability, nor do they allege facts sufficient to demonstrate standing to assert the rights of any disabled person who was precluded from attending the foreclosure sale, plaintiffs have failed to establish standing to assert an ADA claim.

Accordingly, plaintiffs fail to state a claim under the ADA and such claim will be dismissed.

### 3. Predatory Lending

Plaintiffs allege that, in June 2002, defendant Community Commerce Bank engaged in unspecified acts of "predatory lending." (See Compl. ¶ 62.) Under the Truth In Lending Act ("TILA"), lenders are required to disclose, inter alia, all charges associated with the loan, see 15 U.S.C. § 1601 et seq., and in the case of nondisclosure of such information, TILA provides a federal cause of action against creditors who engage in such "predatory lending tactics," see Cooper v. First Gov't Mortgage and Investors Corp., 238 F. Supp. 2d 50, 55 (D.D.C. 2002). Although plaintiffs do not specifically reference any statute in connection with their claim, plaintiffs' allegations conceivably could raise a federal claim under TILA.

Any such claim, however, is barred by TILA's statute of limitations. A claim for violation of TILA must be brought "within one year from the date of the occurrence of the violation." See 15 U.S.C. § 1640(e). Plaintiffs allege that a violation occurred on or about June 10, 2002, when defendant Community Commerce Bank "held a second escrow" and engaged in "predatory lending" in connection therewith. (See Compl. ¶ 62.) As noted, plaintiffs' complaint

was filed August 15, 2005.  Thus, any TILA claim plaintiffs may have is time barred.[2]

Accordingly, plaintiffs fail to state a claim under TILA against Community Commerce Bank and any such claim will be dismissed.

### 4. Remaining State Law Claims

Because the Court has dismissed all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining claims arising under state law and will dismiss such claims without prejudice to plaintiffs' refiling those claims in state court.  See 28 U.S.C. § 1367(c)(3).

**CONCLUSION**

For the reasons set forth above:

1. Plaintiffs' application to proceed in forma pauperis is hereby DENIED.

2. Plaintiffs' claims against defendants R.E.F.S. Inc., R.E.F.S. of Texas Inc., Joyful House LLC, Carlton Sue, Francisco Ho, Fidelity National Agency Sales & Posting, Alameda County Sheriff Department, Community Commerce Bank, Fidelity National Title Company, Rosie M. Parks, Thomas Eastridge, Jed Somit, Jessie Smith, Clara Mae Simpson, and City of Oakland for violation of the automatic stay and violation of the ADA are hereby DISMISSED.

3. Plaintiffs' claim against defendant Community Commerce Bank for predatory

---

[2] The Ninth Circuit has observed that "there is some debate" as to whether TILA's statute of limitations begins to run "at the time the plaintiff discovered or should have discovered the acts constituting the violation."  See Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003) (finding no need to decide question under facts presented therein); see also King v. State of California, 784 F.2d 910, 915 (9th Cir. 1986) (holding limitations period subject to adjustment by equitable tolling, to account for borrower's inability to discover fraud or nondisclosures).  Here, however, even assuming plaintiffs are alleging an initial failure to disclose any fee or charge associated with the 2002 loan, plaintiffs would have been apprised of those obligations before the foreclosure sale, which, as noted, was conducted on July 7, 2004, more than a year before the filing of the instant complaint.

lending in violation of TILA is hereby DISMISSED.

4. The Court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims against defendants, and hereby DISMISSES such claims without prejudice to plaintiffs' refiling them in state court.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 8, 2005

MAXINE M. CHESNEY
United States District Judge